TOWN OF GRANVILLE *v.* TOWN OF HANCOCK.

*Pauper.*

1. An authorized person cannot serve an order of removal of a pauper.
2. A special designation in a statute of the officers who may serve the process excludes all others.
3. R. L. s. 2835, pauper, order of removal, how served,—construed.
4. Word "may" in statute construed.

APPEAL from an order of removal of a pauper. Motion to quash. Motion overruled, June Term, 1882, TAFT, J., presiding. The case is stated in the opinion.

*J. M. Slade*, for the plaintiff.

*William H. Bliss*, for the defendant.

The opinion of the court was delivered by

POWERS, J. This is a motion to quash an order of removal of a pauper, made by two justices, from the town of Granville to the town of Hancock.

The notice appended to said order was directed " to any sheriff or constable in the state or to H. H. Whitney authorized person "; and the same was served by said Whitney as an authorized person. The statute, R. L. s. 2835, declares that " the copy of the order of removal, with the notice, shall be served on the overseer

Granville *v.* Hancock.

of the poor of the town to which the pauper is ordered to be removed, as writs of summons are served ; and may be served by a sheriff of the county in which either town is situated or by the constable of either town."

It is insisted by the appellant that the language of this section excludes a service by an authorized person ; and we think this point is well taken. When the legislature makes a change in matters of procedure, its purpose is ordinarily discovered by looking at the method supplanted by the new legislation and the mischief sought to be corrected. Under the old law these proceedings were served upon the defendant town by any person whom the justices might designate ; and the fact of service was established by proof. This mode of service led to much confusion and gave rise to much contention respecting the fact whether service had been made at all. Accordingly it at length resulted in the enactment of the statute quoted above, in which the officers who may serve the process are specifically designated. This special designation of the officers who may serve the process excludes all others.

If the word " may " is to be construed in a permissive sense, it is meaningless. Without this word the sheriff or constable could serve the process. If the clause had stood that the process might be served as writs of summons are served, any one who could serve such writs would be competent to serve this process. But the section goes further and implicitly excludes all persons save those specially named ; accordingly there was no power in Whitney to serve the process, and hence no legal service was made.

The judgment is reversed and judgment rendered that the order be quashed.